UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TROY ALBIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 9-623-B-W |
| | ) | |
| CIA, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

On December 15, 2009, I issued an order that Albin either pay the required filing fee or file a properly completed application for leave to proceed in forma pauperis, by January 5, 2010, failing which I would issue a recommendation that the action be dismissed. As of today's date, Albin has neither paid the required filing fee nor filed a properly completed application for leave to proceed in forma pauperis. Furthermore, if Albin had been granted leave to proceed in forma pauperis it is more likely than not that this complaint would have been dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) or (iii) because the underlying complaint fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, to wit, the United States of America. While it appears that Albin only seeks injunctive relief, should he also be seeking monetary damages he would be stymied by the United States' sovereign immunity. In any event Albin's barebones complaint fails to state a claim. To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556

(2007)).  Albin's conclusory and implausible complaint does not approach meeting that standard.

Accordingly, it is recommended that the complaint be **DISMISSED** without prejudice for a failure to prosecute.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 7, 2010

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge